UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
In re:                                    Chapter 11

**HIOCEAN REALTY LLC,**                   Case No. 08-13106 (REG)

                Debtor.
_____x
In re:                                    Chapter 11

**BRICK HILL ONE REALTY LLC,**            Case No. 08-13107 (REG)

                Debtor.
_____x

## DEBTORS' OPPOSITION TO MOTION TO TRANSFER VENUE

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

      The debtors, **Hiocean Realty LLC and Brick Hill One Realty LLC** (collectively, the "Debtors"), by their attorneys, **Robinson Brog Leinwand Greene Genovese & Gluck PC,** as and for their opposition to the Motion of the United States Trustee for a Transfer of Venue to the Eastern District of New York respectfully set forth and allege as follows:

      1.    On August 7, 2008, (the "Petition Date") Hiocean Realty LLC ("Hiocean") and Brick Hill One Realty LLC ("Brick Hill") filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[1]

---

[1] Hiocean guaranteed the Eastern Saving Bank and Bridge Funding mortgages on the Brick Hill property and Brick Hill guaranteed the Eastern Savings Bank and Bridge Funding mortgages on the Hiocean property. The Debtors filed their cases as related cases and are preparing a motion for joint administration for the Court's consideration.

2. The Debtors have continued to manage and operate their businesses pursuant to sections 1107 and 1108 of the Bankruptcy Code. No committee, trustee or examiner has been appointed in either of the Debtors' cases.

3. In addition to their petitions for relief, each of the Debtors filed schedules of assets and liabilities, and lists of creditors and executory contracts required pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Bankruptcy Rules (the "Schedules").

4. The Debtors are New York Limited Liability Companies, each of which has always maintained its operations in the State of New York. Hiocean owns the real property and improvements thereon located at 141 Highland Terrace, Bridgehampton, New York. Michael Burns is the principal of BDC Development Corp., the managing member of Hiocean. Brick Hill owns the real property and improvements thereon located at 14 Bridge Hill Lane, Bridgehampton, New York. Michael Burns is the 100% owner/member of Brick Hill. Michael Burns maintains residences in both the Southern and Eastern Districts of New York. The New York City address set forth on the Debtors' petitions at 85 East End Avenue, New York, New York, has been maintained well in excess of the required 180 days preceding the Petition Date.[2] As held by Judge Glenn in In Re Dunmore Homes, Inc., 380 B.R. 663 (Bankr. S.D.N.Y. 2008), venue in New York was deemed proper for a Debtor that was incorporated in New York and therefore considered domiciled in New York. The Court in Dunmore determined that venue in New York was therefore proper under Section 1408. The Debtors submit that venue is appropriate in this district in accordance with 28 U.S.C. Section 1408.

---

[2] The Motion alleges that the Debtors "moved" to the Southern District of New York in June 2008, just prior to the Petition Date, however, this is not an accurate statement. Both Hiocean and Brick Hill had a change of mailing of address from 33 Flying Point Road, Southampton, New York to 295 North Sea Road, Suite 202, Southampton, New York. The change of address is reflected in both the Statement of Financial Affairs and on the Debtors' petitions.

5. Once it is established that venue is proper under 28 U.S.C. Section 1408, consideration of the transfer of venue must turn to the discretionary power granted the Courts under 28 U.S.C. Section 1412. Judge Glenn recently set forth that the decision to transfer venue is left to the discretion of the Court and is based upon an analysis of the underlying facts of each case. In re Dunmore Homes, Inc. 380 B.R. 663 (Bankr. S.D.N.Y. 2008), citing Enron corp. v. Arora (In re Enron Corp.) 317 B.R. 629 (Bankr. S.D.N.Y. 2004). Pursuant to Section 1412 of the Bankruptcy Code, a court <u>may</u> direct a change of venue if it is in the interest of justice <u>or</u> for the convenience of the parties. Federal Rule of Bankruptcy Procedure 1014 provides that a case "may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties." The decision to transfer venue however is a determination that "should be exercised cautiously" In re Dunmore Homes, Inc. 380 B.R. 663, 671 (Bankr. S.D.N.Y. 2008), citing Enron corp. v. Arora (In re Enron Corp.) 317 B.R. 629 at 638 (Bankr. S.D.N.Y. 2004)(citations omitted), and a debtor's selection of a proper venue is "entitled to great weight" In re Enron Corp., 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002). It is the moving party's burden to "demonstrate that the balance of convenience clearly weighs in his favor" In re Dunmore at 670 citing Lionel Leisure, Inc. v. Trans Cleveland Warehouses, Inc. (In re Lionel Corp.), 24 B.R. 141, 142 (Bankr. S.D.N.Y. 1982).

6. A variety of factors are reviewed in determining if the interest of justice standard requires a transfer of venue including: whether (a) the transfer would promote the economic and efficient administration of the bankruptcy estate; (b) the interests of judicial economy would be served by the transfer; (c) the parties would be able to receive a fair trial in each of the possible venues; (d) either forum has an interest in having the controversy decided within its borders; (e) the enforceability of any judgment would be affected by the transfer; and

(f) the plaintiff's original choice of forum should be disturbed.  In re Dunmore Homes, Inc. 380 B.R. 663, 671 (Bankr. S.D.N.Y. 2008), citing Enron corp. v. Arora (In re Enron Corp.) 317 B.R. 629 (Bankr. S.D.N.Y. 2004).  Similarly a variety of factors are considered in determining if the convenience of the parties requires a change of venue: (a) proximity of creditors of every kind to the court; (b) proximity of the debtor; (c) proximity of witnesses necessary to the administration of the estate; (d) location of the assets; (e) economic administrative of the estate; and (vi) necessity for ancillary administration if liquidation should result.  In re Dunmore Homes, Inc. 380 B.R. at 672 (Bankr. S.D.N.Y. 2008), citing In re B.L. of Miami, Inc., 294 B.R. 325, 329 (Bankr. D. Nev. 2003)(citations omitted).

    7.  The Hiocean real property is encumbered by mortgages held by Eastern Savings Bank, Bridge Funding Inc., and D.B. Zwirn Real Estate Credit Partners.  The Brick Hill real property is encumbered by mortgages held by Eastern Savings Bank, Bridge Funding Inc., D.B. Zwirn Real Estate Credit Partners and Washington Mutual.  Eastern Savings Bank is located in Hunt Valley, Maryland with its counsel located in New York, New York; Bridge Funding is located in White Plains, New York; D.B. Zwirn is located in New York, New York and their respective counsel is located in New York, New York; Washington Mutual is located in Phoenix, Arizona.  No appearance has been entered by counsel to Washington Mutual.  The secured debt on the Debtors real properties consists of the majority of the Debtors' obligations, approximately 88% of the entire debt set forth on the Hiocean schedules and almost 100% of the debt set forth on the Brick Hill schedules.  While the Debtors' real properties are located in the Eastern District of New York, two (2) of the three (3) mortgage holders on the Hiocean property (Bridge Funding and DB Zwirn) are located in the Southern District of New York and counsel for all three (3) of the mortgage holders are located in the Southern District of New York.  Two

(2) of the four (4) mortgage holders on the Brick Hill property (Bridge Funding and DB Zwirn) are located in the Southern District of New York and counsel for three (3) of the four (4) mortgage holders are located in the Southern District of New York.  Further adding to the nexus to the Southern District of New York, Hiocean has entered into a letter of intent for the sale of its property to a purchaser who resides in New York, New York and whose counsel is located in New York, New York.

8.  The Trustee's motion suggests that the Debtors improperly commenced their cases in this district.  However, the commencement of the Debtors cases in this district was not an attempt to (1) forum shop; (2) shield the Debtors principal from local scrutiny; or (3) thwart creditors participation in these cases.  As set forth above, there is a significant nexus to this district; the press related to the bankruptcy filing was published in the New York Post on August 8, 2007; and to date, the Trustee's office has been unable to appoint a creditors committee in this case and no creditors have joined in the Trustee's motion.

9.  In the Debtors' cases, both the interests of justice and convenience of parties analysis weigh in favor of maintaining the cases in the Southern District of New York.  At this juncture, the Debtors are close to finalizing the terms of a contract of sale of the Hiocean property and to file a plan and disclosure statement utilizing the sale proceeds as the funding source for the implementation of its plan.  This process should not be delayed as a result of a transfer of venue.  The Debtors principal, Debtors' counsel, two (2) of the Debtors' secured creditors, their counsel, the proposed purchaser of the Hiocean property and his counsel are all located in the Southern District of New York.  No creditors committee was appointed in either of the Debtors' cases, no creditors have joined in the Trustee's motion and the only creditor who has filed a proof of claim in the Hiocean case is the Suffolk County Water Authority.  No claims

have been filed in the Brick Hill case[3]. The only parties who have filed notices of appearance in these cases are Eastern Savings Bank and Bridge Funding. Transfer of venue to the Eastern District of New York would be to the inconvenience of each of these parties and would add administrative costs that will impede the administrative efficiency and economics of the proceedings.

10. Debtors are prepared to proceed expeditiously towards confirmation of a plan of reorganization upon the signing of a contract of sale for the Hiocean property. Debtors anticipate the contract will be signed and a plan filed with the Court within 30 days.

**WHEREFORE**, Debtors respectfully request that the court deny the Motion of the United States Trustee for a transfer of venue to the Eastern District of New York and for such other and further relief as this Court deems proper.

Dated: New York, New York
September 8, 2008

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
Counsel for the Debtors
1345 Avenue of the Americas
New York, New York 10105-1043
(212) 603-6300
By: /s/ A. Mitchell Greene
A. Mitchell Greene

---

[3] Debtors have submitted requests for orders fixing the last date for the filing of proofs of claim and proofs of interest in each case which orders were noticed for presentment on September 8, 2008.